Lawrence K. Engel　　　　　　　　　　Hon. Marc L. Barreca
Attorney at Law　　　　　　　　　　　Chapter 11
40 Lake Bellevue #100
Bellevue, WA  98005
 (425) 454-5500

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re

TONY THANH-CONG TRAN

　　　　Debtors.

Case No. 14-15003-MLB

DEBTORS'IN-POSSESSION'S OBJECTION TO MAY'S EX PARTE MOTION AND ORDER AUTHORIZING PROPERTY INSPECTION [ECF Docket Nos. 66 and 69]

　　COMES NOW the Debtors-in-Possession, Sam Adams and Erika Adams (hereafter referred to as "the Debtors") by and through their counsel for record, Lawrence K. Engel, and Objects to the May's Ex Parte Motion and Order Authorizing Property Inspection [ECF Docket Nos. 66 and 69] on the following basis:

　　1.　This matter is not an ex parte matter under Local Rule 9013-1 (g) and therefore should be denied on an ex parte basis, without prejudice to noting the matter with Notice, as all contested matters.

　　2.　Local Rule 9013-1 (g) reads:

　"(1) Contents of Motion. Every ex parte motion, except those for routine administrative orders, shall (A) allege specific facts forming the basis of the request, (B) cite the statute or rule authorizing the court to act, and (C) **state specific reasons why the court should proceed without notice or a hearing.** If the motion arises in an adversary proceeding or a contested matter as defined in Fed. R. Bankr. P. 9014, the moving party shall, in addition, describe (D) what immediate and irreparable injury, loss or damage will result to the movant before the adverse party or his attorney can be heard in opposition; and (E) the efforts, if any, which have been made to give notice to the adverse party and his attorney.

DEBTORS'IN-POSSESSION'S OBJECTION TO MAY'S EX PARTE MOTION AND ORDER AUTHORIZING PROPERTY INSPECTION [ECF Docket Nos. 66 and 69] - 1

Lawrence K. Engel
Attorney at Law
40 Lake Bellevue #100
Bellevue, WA  98005
(425) 454-5500

(2) Ex Parte Orders. A proposed ex parte order shall contain the words "ex parte" in its title.

The Ex Parte Motion [ECF Docket No. 66] fails to state reasons why the relief should be granted on an ex parte basis, and therefore should be denied.

3. The Mays have misrepresented the nature of an inspection. At all times materials hereto the Debtors have been willing to allow the Mays, in their capacity as landlords, to inspect the property. However, the Mays want to have an appraisal done. This is fact is conspicuously absent from the allegations in the Motion and the supporting Declaration of Lisa May. She only states that Robert Chamberlin is a "designated representative." This is a misrepresentation by omission, and is disingenuous and demonstrates lack of candor with the Court. Mr. Rizzardi has represented that Mr. Chamberlin is an appraiser in e-mail correspondence:

> "My client, Rodger May, knows nothing about why Derrick went to the home. My client was told by Derrick, after the fact, that Sam asked him to visit. It was not an inspection done at our request. In all likelihood, Sam thought he was trying to "help" Rodger May by inviting Derrick over, however, it was not an inspection that we contracted. I would still want my appraiser to visit on August 8. Please ask Sam if he initiated the inspection request." [E-mail from John Rizzardi to Lawrence Engel dated July 18, 2014.].

_____

> "Bob Chamberlin, appraiser, can only inspect on August 8 of the two choices you provided." [E-mail from John Rizzardi to Lawrence Engel dated July 18, 2014.]

Inspections by professionals such as Appraisers, should be authorized under B.R. 7035 which incorporates the F.R.Civ.P. 34 (inspections, which are incorporated into the Bankruptcy Rules and Contested matters by B.R. 9014 (c). As such, the proposed inspection has nothing to do with the Landlord/Tenant Act—it is a litigation tactic or maneuver that was not properly disclosed to the Court.

4. The Mays, through their legal counsel, are well aware that the Debtors have not consented to an inspection by an appraiser. They have agreed to have the Mays come and perform and inspection, in their capacity as Landlords.

DEBTORS'IN-POSSESSION'S OBJECTION TO MAY'S EX PARTE MOTION AND ORDER AUTHORIZING PROPERTY INSPECTION [ECF Docket Nos. 66 and 69] - 2

Lawrence K. Engel
Attorney at Law
40 Lake Bellevue #100
Bellevue, WA 98005
(425) 454-5500

Case 14-15003-MLB   Doc 70   Filed 08/12/14   Ent. 08/12/14 16:24:53   Pg. 2 of 3

| | |
|---|---|
| 1 | WHEREFORE the Debtors' respectfully request that their Objection be sustained and that the relief requested not be granted on an *ex parte* basis, for good cause shown. |
| 2 | |
| 3 | DATED: August 12, 2014. |

       /s/ Lawrence K. Engel_____
LAWRENCE K. ENGEL, WSBA #8421
Counsel for Debtors-in-Possession Sam Adams et. ux.

DEBTORS'IN-POSSESSION'S OBJECTION TO MAY'S EX PARTE MOTION AND ORDER AUTHORIZING PROPERTY INSPECTION [ECF Docket Nos. 66 and 69] - 3

Lawrence K. Engel
Attorney at Law
40 Lake Bellevue #100
Bellevue, WA 98005
(425) 454-5500

Case 14-15003-MLB   Doc 70   Filed 08/12/14   Ent. 08/12/14 16:24:53   Pg. 3 of 3